BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
TIMOTHY A. DELANGE (Bar. No. 190768)
DAVID R. KAPLAN (Bar No. 230144)
LUCAS E. GILMORE (Bar No. 250893)
BRANDON MARSH (Bar No. 268316)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323
blairn@blbglaw.com
timothyd@blbglaw.com
davidk@blbglaw.com
lucas.gilmore@blbglaw.com
brandon.marsh@blbglaw.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, *et al*., <br><br>                  Plaintiffs, <br><br>      v. <br><br> AMERICAN INTERNATIONAL GROUP, INC., <br><br>                  Defendant. | Case No. 15-cv-00687-DOC-DFM <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO S.D.N.Y. PURSUANT TO 28 U.S.C. § 1404** <br><br> Date:    June 8, 2015 <br> Time:   8:30 a.m. <br> Judge:  Hon. David O. Carter <br> Ctrm:   9D |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................ii

I.      INTRODUCTION ...................................................................................... 1

II.     AIG'S IMPROPER REMOVAL OF THIS ACTION ............................... 2

III.    ARGUMENT................................................................................................ 4

        A.      The Court Should Rule On PIMCO's Remand Motion Before
                AIG's Transfer Motion........................................................................ 4

        B.      This Case Must Be Remanded To State Court.................................... 8

        C.      If This Case Is Not Remanded The Central District Is The
                Proper Forum...................................................................................... 9

                1.      AIG Bears A Heavy Burden To Justify Transfer Of This
                        Action...................................................................................... 9

                2.      PIMCO's Choice Of Forum Is Afforded Substantial
                        Weight ................................................................................... 10

                3.      The Convenience Of The Parties Does Not Favor
                        Transfer ................................................................................. 13

                4.      AIG Seeks To Impermissibly Forum Shop........................... 14

                5.      The Availability Of The Evidence And Sources Of Proof
                        Does Not Favor Transfer ...................................................... 15

                6.      California Has A Strong Interest In This Action ................. 17

                7.      The Interests Of Justice Weigh Against Transfer............... 18

                8.      The Remaining Factors Do Not Favor Transfer ................. 20

IV.     CONCLUSION........................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Abrams Shell v. Shell Oil Co.*,
    165 F. Supp. 2d 1096 (C.D. Cal. 2001) ........................................................ 5

*Addison v. Bristol–Meyers Squibb Co.*,
    2013 WL 3187859 (N.D. Cal. June 21, 2013) ............................................... 7

*Albano v. Shea Homes Ltd. P'ship*,
    634 F.3d 524 (9th Cir. 2011) ...................................................................... 2

*Alfonso v. Res. Ctrs., LLC*,
    2014 WL 4674057 (M.D. Fla. Sept. 18, 2014) ............................................ 6

*Allstate Ins. Co. v. Electrolux Home Prods., Inc.*,
    2014 WL 4249831 (N.D. Ohio Aug. 27, 2014) ............................................ 6

*Am. Int'l Grp., Inc. v. Pac. Inv. Mgmt. Co., LLC, et al.*,
    Case No. 15-cv-03339 (S.D.N.Y. Apr. 29, 2015) ................................. 18, 19

*Am. Int'l Grp., Inc. v. Pac. Inv. Mgmt. Co., LLC, et al.*,
    No. 15-CV-03339 (S.D.N.Y. Apr. 29, 2015) ............................................... 4

*American International Group, Inc. v. Nathan Edwards*,
    30-2015-00779713-CU-NP-CJC (Cal. Sup. Ct., Orange Cnty. Mar. 31,
    2015) ........................................................................................................ 14

*Amini Innovation Corp. v. JS Imports, Inc.*,
    497 F. Supp. 2d 1093 (C.D. Cal. 2007) ..................................................... 11

*Atl. Ship Rigging Co. v. McLellan*,
    288 F.2d 589 (3d Cir. 1961) ....................................................................... 5

*Atlantic Marine Constr. Co., Inc. v. United States Dist. Court for the W.
    Dist. Of Texas*,
    134 S. Ct. 568 (2013) ............................................................................... 14

*Bader v. Air Line Pilots Ass'n, Int'l*,
    2014 WL 3883475 (D.D.C. Aug. 8, 2014) ................................................ 16

*Bookout v. Beck*,
　　354 F.2d 823 (9th Cir. 1965) ......................................................... 4

*In re BP p.l.c. Sec. Litig.*,
　　2014 WL 4923749 (S.D. Tex. Sept. 30, 2014) ............................... 2

*Bradley-Brown v. Am. Home Mortg. Servicing, Inc.*,
　　2012 WL 254064 (C.D. Cal. Jan. 25, 2012) ................................. 12

*Branford Paint Ctr., Inc. v. PPG Architectural Finishes, Inc.*,
　　2007 WL 329115 (D. Conn. Feb. 1, 2007) ..................................... 6

*Broad Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*,
　　2006 WL 1582091 (C.D. Cal. June 6, 2006) ........................... 12, 13

*Bruns, Nordeman & Co. v. Am. Nat'l Bank & Trust Co.*,
　　394 F.2d 300 (2d Cir. 1968) ......................................................... 9

*Cardoza v. T-Mobile USA Inc.*,
　　2009 WL 723843 (N.D. Cal. Mar. 18, 2009) ........................... 13, 20

*Carolina Cas. Co. v. Data Broad. Corp.*,
　　158 F. Supp. 2d 1044 (N.D. Cal. 2001) ......................................... 9

*Caterpillar Inc. v. Lewis*,
　　519 U.S. 61 (1996) ...................................................................... 7

*CIBC World Mkts. v. Deutsche Bank Sec.*,
　　309 F. Supp. 2d 637 (D.N.J. 2004) ............................................... 6

*Commodity Futures Trading Comm'n v. Savage*,
　　611 F.2d 270 (9th Cir. 1979) ......................................................... 9

*Ctr. for Food Safety v. Vilsack*,
　　2011 WL 996343 (N.D. Cal. Mar. 17, 2011) ............................... 12

*Decker Coal Co. v. Commonwealth Edison Co.*,
　　805 F.2d 834 (9th Cir. 1986) ................................................... 9, 10

*Diamond Multimedia Sys., Inc. v. Super. Ct.*,
　　19 Cal. 4th 1036 (1999) ............................................................. 17

*DIRECTV, Inc. v. EQ Stuff, Inc.*,
　　207 F. Supp. 2d 1077 (C.D.Cal. 2002) ......................................... 14

*Ellis v. Costco Wholesale Corp.*,
    372 F. Supp. 2d 530 (N.D. Cal. 2005) ........................................................ 11

*Ferens v. John Deere Co.*,
    494 U.S. 516 (1990) ................................................... 10, 13, 14, 15

*Ferguson v. Corinthian Colls. Inc.*,
    2011 WL 1519359 (C.D. Cal. Apr. 15, 2011) ............................................ 10

*In re Ferrero Litig.*,
    768 F. Supp. 2d 1074 (S.D. Cal. 2011) ............................................... 11, 12

*FindWhat.Com v. Overture Services, Inc.*,
    2003 WL 402649 (S.D.N.Y. Feb. 21, 2003) ................................................ 6

*Foster v. Nationwide Mut. Ins. Co.*,
    2007 WL 4410408 (N.D. Cal. Dec. 14, 2007) .......................................... 20

*Franklin U.S. Rising Dividends Fund v. American Int'l Grp.*,
    2014 WL 1555133 (D.N.J. April 14, 2014) .............................................. 12

*Gen. Ret. Sys. of City of Detroit v. Wells Fargo Mortg. Backed Sec. 2006-AR18 Trust*,
    2009 WL 2137094 (N.D. Cal. July 16, 2009) ......................................... 12

*Gerin v. Aegon USA, Inc.*,
    2007 WL 1033472 (N.D. Cal. Apr. 4, 2007) ........................................... 13

*Gibraltar Trading Corp. v. PMC Specialties Grp., Inc.*,
    851 F. Supp. 2d 437 (E.D.N.Y. 2011) ..................................................... 6

*Gonzalez v. Thaler*,
    132 S. Ct. 641 (2012) ..................................................................... 5, 6

*Gradetech, Inc. v. Am. Emp'rs Grp.*,
    2006 WL 1806156 (N.D. Cal. June 29, 2006) .......................................... 5

*Grand Blanc Educ. Ass'n v. Grand Blanc Bd. of Educ.*,
    624 F.2d 47 (6th Cir. 1980) ............................................................... 5

*Hall v. Super. Ct.*,
    150 Cal. App. 3d 411 (1983) ......................................................... 17, 18

*Hernandez v. Campbell*,
    204 F.3d 861 (9th Cir. 2000) ........................................................................ 5

*Hooper v. Lockheed Martin Corp.*,
    688 F.3d 1037 (9th Cir. 2012) .................................................................... 15

*Int'l Cultural Exch. Grp. v. Harifa, Inc.*,
    2014 WL 5454380 (N.D. Cal. Oct. 27, 2014) .............................................. 6

*Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*,
    417 F.3d 953 (8th Cir. 2005) ........................................................................ 5

*Irvine Pharm. Servs., Inc. v. Arnold*,
    2008 WL 4792513 (C.D. Cal. Oct. 28, 2008) ...................................... 16, 19

*Jarvis v. Marietta Corp.*,
    1999 WL 638231 (N.D. Cal. Aug. 12, 1999) ............................................. 17

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ................................................................. 9, 10

*Joseph v. Wiles*,
    223 F.3d 1155 (10th Cir. 2000) .................................................................... 2

*Kuwait Investment Authority v. American International Group, Inc.*,
    12-cv-06071-LTS-DCF (S.D.N.Y.) .............................................................. 16

*Layne v. Countrywide Fin. Corp.*,
    2008 WL 9476380 (C.D. Cal. July 8, 2008).................................................. 8

*Leeds, Morelli & Brown, P.C. v. Hernandez*,
    2005 WL 2148994 (E.D.N.Y. Sept. 6, 2005) ................................................ 6

*Luther v. Countrywide Home Loans Servicing LP*,
    533 F.3d 1031 (9th Cir. 2008) ...................................................................... 8

*Madani v. Shell Oil Co.*,
    2008 WL 268986 (N.D. Cal. Jan. 30, 2008)................................................ 13

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*,
    722 F. Supp. 2d 1157 (C.D. Cal. 2010) ........................................................ 2

*Mfrs. Hanover Trust Co. v. Palmer Corp.*,
    798 F. Supp. 161 (S.D.N.Y. 1992) ................................................................ 2

*Mills v. State of Me.*,
  118 F.3d 37 (1st Cir. 1997) .................................................................. 5

*Miracle v. N.Y.P. Holdings, Inc.*,
  87 F. Supp. 2d 1060 (D. Haw. 2000) ................................................ 17

*Pacific Car & Foundry Co. v. Pence*,
  403 F.2d 949 (9th Cir. 1968) ............................................................ 12

*Panavision Int'l, L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir. 1998) .......................................................... 17

*Parke v. Cardsystems Solutions, Inc.*,
  2006 WL 2917604 (N.D. Cal. Oct. 11, 2006) ................................... 5

*Perry v. LTD, Inc.*,
  2014 WL 3544988 (E.D. Va. July 17, 2014) ................................... 16

*Pipefitters Locals 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp.*,
  2005 WL 6963459 (C.D. Cal. June 28, 2005) .................................... 8

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) .......................................................................... 11

*Plymouth Cnty. Ret. Sys. v. Model N, Inc.*,
  2015 WL 65110 (N.D. Cal. Jan. 5, 2015) ...................................... 3, 8

*Protect Lake Pleasant, LLC v. McDonald*,
  609 F. Supp. 2d 895 (D. Ariz. 2009) ................................................. 5

*Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*,
  14 F. Supp. 3d 591 (D.N.J. Apr. 17, 2014) ....................................... 2

*Pub. Emps' Ret. Sys. of Miss. v. Stanley*,
  605 F. Supp. 2d 1073 (C.D. Cal. 2009) ............................................. 7

*Rajasekaran v. CytRx Corp.*,
  2014 WL 4330787 (C.D. Cal. Aug. 21, 2014) ............................... 3, 8

*Ruhrgas AG v. Marathon Oil Co.*,
  526 U.S. 574 (1999) ........................................................................ 7, 8

*Ruiz v. Affinity Logistics Corp.*,
  2005 WL 5490240 (N.D. Cal. Nov. 7, 2005) ................................... 12

*Schmid Labs., Inc. v. Hartford Accident & Indem. Co.*,
   654 F. Supp. 734 (D.D.C. 1986)................................................................13

*Sec. Investor Prot. Corp. v. Vigman*,
   764 F.2d 1309 (9th Cir. 1985) .......................................................... 10, 11

*Shalaby v. Newell Rubbermaid, Inc.*,
   2007 WL 3144357 (N.D. Cal. Oct. 24, 2007) ........................................12

*Skillnet Solutions, Inc. v. Entm't Publ'ns, LLC*,
   2012 WL 692412 (N.D. Cal. Mar. 2, 2012) ..............................................5

*Small v. Fritz Companies, Inc.*,
   30 Cal. 4th 167 (2003) ............................................................................18

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998)....................................................................................6

*Stomp, Inc. v. NeatO, LLC*,
   61 F. Supp. 2d 1074 (C.D. Cal. 1999) ....................................................13

*True Health Chiropractic Inc. v. McKesson Corp.*,
   2013 WL 6000539 (N.D. Cal. Nov. 12, 2013) ........................................13

*United States v. Cinemark USA, Inc.*,
   66 F. Supp. 2d 881 (N.D. Ohio 1999) ....................................................13

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964)....................................................................13, 14, 15

*Vu v. Ortho-McNeil Pharm., Inc.*,
   602 F. Supp. 2d 1151 (N.D. Cal. 2009)....................................................5

*W. Va. Laborers Trust Fund v. STEC, Inc.*,
   2011 WL 6156945 (C.D. Cal. Oct. 7, 2011) ........................................3, 8

*Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*,
   2003 WL 22387598 (N.D. Cal. Oct. 14, 2003) ......................................13

*In re Yahoo! Inc.*,
   2008 WL 707405 (C.D. Cal. Mar. 10, 2008)..........................................12

*Yang v. Odom*,
   409 F. Supp. 2d 599 (D.N.J. 2006)..........................................................13

*Zavanna, LLC v. RoDa Drilling Co.*,
    2009 WL 3720177 (D.N.D. 2009) ................................................................. 6

STATUTES

15 U.S.C. § 77(v)(a) ................................................................................ passim

15 U.S.C. § 78aa ............................................................................................ 11

28 U.S.C. § 1404(a) ............................................................................... passim

OTHER AUTHORITIES

15 Charles A. Wright, et al., Fed. Prac. & Proc. § 3844 (4th ed.) ...................... 5

15 Charles A. Wright, et al., Fed. Prac. & Proc. § 3851 (4th ed.) .................... 16

Second Circuit's *IndyMac* ................................................................................ 2

Second Circuit's *IndyMac* decision .................................................................. 1

Plaintiffs Pacific Investment Management Company LLC and the related PIMCO funds (collectively, "PIMCO" or "Plaintiffs") submit the following memorandum of points and authorities in support of their opposition to defendant American International Group, Inc.'s ("AIG" or the "Company") motion to transfer this action from the Central District of California to the Southern District of New York (the "Transfer Motion").

## I.   __INTRODUCTION__

Plaintiffs properly filed this action in the State of California Superior Court for the County of Orange, asserting claims exclusively under the Securities Act of 1933 (the "Securities Act").  Congress granted state courts concurrent jurisdiction over such claims and provided an express prohibition against removal of such actions.  AIG nevertheless removed this action, contending that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") creates an implicit exception by which cases raising solely Securities Act claims can be removed.  It does not.  SLUSA's plain language provides for the removal of only covered class actions asserting certain *state law* claims.

Now, as this Court considers the threshold question of remanding this action to California state court, AIG requests that the case be transferred to a forum where it would prefer to defend itself, the Southern District of New York ("S.D.N.Y.").  AIG's motive is clear.  AIG seeks to transfer this case so it can move to dismiss Plaintiffs' Securities Act claims under the Second Circuit's *IndyMac* decision and avoid adverse law in the Ninth Circuit.  Transfer Motion, at 2:6-20.

The Court should deny AIG's Transfer Motion.  As a preliminary matter, the Court should first address the threshold issue of subject matter jurisdiction before conducting any transfer analysis.  PIMCO's Motion to Remand (the "Remand Motion")[1] makes clear that ***this case does not belong in any federal court***.  AIG's removal of this action from state court was improper under clear statutory law and Ninth Circuit authority, thereby rendering moot AIG's Transfer Motion.  Transferring this case to the S.D.N.Y. before

---

[1] ECF No. 16.

1   deciding the Remand Motion would also not be efficient, as the S.D.N.Y. is no more able

2   than this Court to decide the Remand Motion, AIG's cases in the S.D.N.Y. raise no similar

3   jurisdictional issues, and there is no concern for conflicting rulings.

4        Even if this Court were to consider the Transfer Motion prior to resolving the

5   Remand Motion – which it should not – there is not a sufficient basis to disturb PIMCO's

6   choice of forum.   PIMCO's choice of its home forum is given substantial deference.

7   Plaintiffs' investment decisions were directed from this forum, and the investments were

8   largely solicited in this forum.   The purpose of AIG's Transfer Motion, by contrast, is to

9   impermissibly forum shop its way to the Second Circuit.[2]  Given the substantial discovery

10  completed in the AIG securities class action case that preceded this case, the convenience

11  of the witnesses and access to sources of proof are neutral considerations that do not favor

12  transfer.   In short, AIG has done "little more than articulate [its] own preference."   *Mfrs.*

13  *Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 165 (S.D.N.Y. 1992).   In this case,

14  that preference does not meet AIG's heavy burden to show that transfer is warranted.

## II.   AIG'S IMPROPER REMOVAL OF THIS ACTION

16       On March 27, 2015, PIMCO for and on behalf of sixty-three investment funds

17  managed and/or advised by PIMCO in Orange County, California, properly filed the

18  Complaint in California Superior Court, asserting claims for violation of the Securities

---

[2] AIG seeks to have this case fall under the Second Circuit's *IndyMac* decision rather than
be subject to the great weight of decisions outside of the Second Circuit rejecting
*IndyMac*'s holding. *See* Transfer Motion, at 2:6-20; *see also, e.g.*, *Albano v. Shea Homes
Ltd. P'ship*, 634 F.3d 524, 535-36 (9th Cir. 2011) (concluding that "the majority of the
lower federal courts that have addressed the issue" hold that *American Pipe* tolls the statute
of repose); *Joseph v. Wiles*, 223 F.3d 1155, 1167-68 (10th Cir. 2000) (seminal case holding
that *American Pipe* tolls the statute of repose for Securities Act claims); *Me. State Ret. Sys.
v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1166 (C.D. Cal. 2010) ("[T]he Court
rejects Defendants' argument that *American Pipe* tolling does not apply to the statute of
repose."); *In re BP p.l.c. Sec. Litig.*, 2014 WL 4923749, at *5 (S.D. Tex. Sept. 30, 2014)
(rejecting *IndyMac*); *Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*, 14 F. Supp.
3d 591 (D.N.J. Apr. 17, 2014) (rejecting *IndyMac*).

Act.[3]  The Securities Act provides for concurrent state and federal court jurisdiction, and expressly prohibits removal of state court cases brought solely under the Securities Act.  15 U.S.C. § 77v(a).  Pursuant to Section 22(a) of the Securities Act, "no case arising under [the Securities Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  *Id.*

On April 30, 2015, AIG filed a Notice of Removal, contending that SLUSA allows Securities Act defendants to eliminate plaintiffs' longstanding statutory right to bring and maintain in state court cases that allege solely Securities Act claims.  15 U.S.C. § 77v(a).

On May 8, 2015, PIMCO timely filed the Remand Motion.  The Remand Motion explains that this Court does not have removal jurisdiction over this case and the SLUSA amendment AIG points to affects only those cases involving claims based on ***state law***.[4] *See, e.g., Rajasekaran v. CytRx Corp.*, 2014 WL 4330787, at \*4-8 (C.D. Cal. Aug. 21, 2014) (King, C.J.) (remand compelled under the Securities Act's "anti-removal provision" as removal was "irreconcilable with the Act's plain language" and the SLUSA exception is "exclusively concerned with state law class actions"); *Plymouth Cnty. Ret. Sys. v. Model N, Inc.*, 2015 WL 65110, at \*3 (N.D. Cal. Jan. 5, 2015) (collecting California district court cases granting remand of Securities Act cases and noting that "in the Central District of California, courts have uniformly granted remand since 2005").[5]

Following PIMCO's filing of the Remand Motion, AIG filed the Transfer Motion, seeking to transfer this case to the S.D.N.Y. because, among other reasons, Judge Swain

---

[3] "Complaint" refers to Plaintiffs' Complaint For Violations Of The Securities Act of 1933, attached as Exhibit A to Defendant's Notice of Removal (ECF No. 1-1).

[4] As explained in the Remand Motion, the only exception to the Securities Act's strict bar on removal of Securities Act claims is for cases based on ***state law***.  *See* 15 U.S.C. § 77v(a) (stating the only exception to the removal bar is as "provided [for] in section 77p(c)"); *W. Va. Laborers Trust Fund v. STEC, Inc.*, 2011 WL 6156945, at \*3 (C.D. Cal. Oct. 7, 2011) (Section 77p(c) "only allows for removal of cases that are based on state law.").

[5] Unless otherwise noted, all emphasis is added and all internal punctuation and citations are omitted.

is currently presiding over other securities cases involving AIG.  Transfer Motion at 16-17.  But Judge Swain has already rejected the notion that issues in this case are related to issues in the AIG cases pending before her.  Specifically, after AIG filed a forum-shopping declaratory judgment action in the S.D.N.Y. on April 29, 2015, raising a defense that AIG could have raised in this case in California state court, AIG requested that Judge Swain find that case to be related to the AIG actions pending before her.  *Am. Int'l Grp., Inc. v. Pac. Inv. Mgmt. Co., LLC, et al.*, No. 15-CV-03339 (S.D.N.Y. Apr. 29, 2015), ECF No. 2.  However, Judge Swain ***refused to find the case related***, and it has been assigned to Judge Crotty.  *See id.*, May 4, 2015 decision to decline relatedness ("Case . . . declined by Judge Laura Taylor Swain.").  Judge Crotty has no other active cases involving AIG or the misrepresentations that form the basis of PIMCO's claims.

The Court should remand this case to state court before considering the Transfer Motion.  Alternatively, if the Court considers the Transfer Motion before the Remand Motion – which it should not – it should deny the Transfer Motion as AIG has failed to meet its heavy burden to show the Court should disturb PIMCO's choice of forum.

## III.  ARGUMENT

### A.  The Court Should Rule On PIMCO's Remand Motion Before AIG's Transfer Motion

It is well-established in this Circuit and in other circuits that a district court should resolve questions of subject matter jurisdiction prior to ruling on a motion to transfer venue.  This is particularly true in cases such as this, where the jurisdictional issue is simple, and transfer of the action to a different court would unnecessarily consume judicial resources and complicate remand of the case.

Under Ninth Circuit precedent, the Court must examine its own jurisdiction, including ruling on questions of removal, prior to ruling on a motion to transfer.  The Ninth Circuit holds that "[o]bviously, . . . jurisdiction must be first found over the subject matter . . . before one reaches venue."  *Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965); *see*

*Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (district court erred by failing to determine if subject matter jurisdiction existed before transferring case).  Other circuits are in accord.[6]   As the Supreme Court instructs, "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *see also* 15 Charles A. Wright, et al., Fed. Prac. & Proc. § 3844 (4th ed.) ("If subject matter jurisdiction is lacking, Section 1404(a) provides no power to do anything with the case.").

District courts in the Ninth Circuit routinely find that questions of subject matter jurisdiction – including removal jurisdiction – are addressed before motions to transfer. *See Skillnet Solutions, Inc. v. Entm't Publ'ns, LLC*, 2012 WL 692412, at *3 (N.D. Cal. Mar. 2, 2012) ("Before addressing whether venue or transfer is proper, the court must determine whether it has subject matter jurisdiction over this case.") (deciding *sua sponte* removal issue before venue issue); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1153 (N.D. Cal. 2009) ("The Court must determine whether or not it has subject-matter jurisdiction before considering whether the venue is proper.") (deciding remand before transfer); *Gradetech, Inc. v. Am. Emp'rs Grp.*, 2006 WL 1806156, at *2 (N.D. Cal. June 29, 2006) ("A crucial preliminary matter concerns the sequence in which a court must address competing motions to remand and to dismiss for improper venue . . . .  In this circuit a court must determine whether or not it has subject-matter jurisdiction before considering whether the venue is proper.") (granting motion to remand); *Parke v. Cardsystems Solutions, Inc.*, 2006 WL 2917604, at *2 (N.D. Cal. Oct. 11, 2006) (same); *Protect Lake Pleasant, LLC v. McDonald*, 609 F. Supp. 2d 895, 902 n.7 (D. Ariz. 2009); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

---

[6] *See, e.g.*, *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 957 (8th Cir. 2005) ("[A] court without subject matter jurisdiction cannot transfer a case to another court under 28 U.S.C. § 1404(a)."); *Mills v. State of Me.*, 118 F.3d 37, 51 (1st Cir. 1997); *Grand Blanc Educ. Ass'n v. Grand Blanc Bd. of Educ.*, 624 F.2d 47, 49 n.4 (6th Cir. 1980); *Atl. Ship Rigging Co. v. McLellan*, 288 F.2d 589, 590-91 (3d Cir. 1961).

As a recent case explained, because the subject matter jurisdiction inquiry is fundamental, courts in this Circuit must first address whether removal was proper, regardless of the potential merits of transferring the case to a different venue. *See Int'l Cultural Exch. Grp. v. Harifa, Inc.*, 2014 WL 5454380, at *2 (N.D. Cal. Oct. 27, 2014) ("Defendants may be right in highlighting the efficiencies of litigating all disputes in Georgia [federal court] . . . .  But the court must first consider whether the removal was proper such that it has subject matter jurisdiction . . . ." (citing *Gonzalez*, 132 S. Ct. at 648, and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)) (granting motion to remand and denying motion to transfer).

District courts across the nation agree that subject matter jurisdiction should be considered first.  *See, e.g.*, *Gibraltar Trading Corp. v. PMC Specialties Grp., Inc.*, 851 F. Supp. 2d 437, 440-42 (E.D.N.Y. 2011) (granting remand before considering motion to transfer as transfer would "improperly maintain federal jurisdiction and transfer the action") (collecting cases).[7]  In cases such as this where removal is improper, courts consider remand motions first to avoid "unnecessary delay" and "unnecessarily complicated" remand.  *Branford Paint Ctr., Inc. v. PPG Architectural Finishes, Inc.*, 2007 WL 329115, at *1 (D. Conn. Feb. 1, 2007) ("As a matter of logic and judicial economy, I

---

[7] *See also Alfonso v. Res. Ctrs., LLC*, 2014 WL 4674057, at *3 (M.D. Fla. Sept. 18, 2014) (addressing subject matter jurisdiction *sua sponte*, mooting transfer motion); *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, 2014 WL 4249831, at * 3 (N.D. Ohio Aug. 27, 2014) ("[B]efore the Court determines whether venue is proper, it must first determine whether it has subject matter jurisdiction over the claims."); *Zavanna, LLC v. RoDa Drilling Co.*, 2009 WL 3720177, at *14 (D.N.D. 2009) (court required "to resolve any questions regarding its subject matter jurisdiction prior to transferring the case") (collecting cases); *Leeds, Morelli & Brown, P.C. v. Hernandez*, 2005 WL 2148994, at *3 (E.D.N.Y. Sept. 6, 2005) (remanding case and denying transfer motion); *CIBC World Mkts. v. Deutsche Bank Sec.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004) (same); *FindWhat.Com v. Overture Services, Inc.*, 2003 WL 402649, at *3 (S.D.N.Y. Feb. 21, 2003) (same).

should decide whether subject matter jurisdiction exists over the claims in the complaint before reaching the question of transfer.").

In doing so, courts follow the guidance of the Supreme Court, which has noted that "in most instances subject-matter jurisdiction will involve no arduous inquiry" as "engaging subject-matter jurisdiction at the outset of a case is often the most efficient way of going." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587 (1999). "In such cases, both expedition and sensitivity to state courts' coequal stature should ***impel the federal court to dispose of that issue first.***" *Id.* at 587-88. According to the Supreme Court, given the need for remand in cases where the district court lacks jurisdiction, remand orders should be issued "swift[ly]," as "[t]he well-advised defendant will foresee the likely outcome of an unwarranted removal – a swift and nonreviewable remand order, attended by the displeasure of a district court whose authority has been improperly invoked." *Id.* at 587 (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77-78 (1996)).

In the limited instances in which courts of this Circuit have decided transfer motions before remand motions, the jurisdictional inquiries were factually complex and were present or likely to be raised in other cases pending before the alternative court. *See, e.g.*, *Addison v. Bristol–Meyers Squibb Co.*, 2013 WL 3187859, at *1 (N.D. Cal. June 21, 2013) (deferring ruling on remand motion and granting stay pending MDL transfer because cases before the MDL raised the same jurisdictional issue and it would be in the interest of judicial economy to have the issues decided together); *Pub. Emps' Ret. Sys. of Miss. v. Stanley*, 605 F. Supp. 2d 1073 (C.D. Cal. 2009) (granting motion to transfer given "difficult questions" of "related-to" bankruptcy jurisdiction and Class Action Fairness Act removal jurisdiction). Unlike in those cases, here there are no such unique issues and there is no related case that presents the same jurisdictional issue.

There are also no judicial efficiencies to be gained by transferring this case to S.D.N.Y. to determine that removal was improper. As explained below and in the Remand Motion, "no arduous inquiry" burdens the jurisdictional question and that question should

1  be answered first.  *See Ruhrgas*, 526 U.S. at 587.  Because courts should generally consider

2  issues of subject matter jurisdiction before issues of venue – particularly when the issue of

3  remand jurisdiction is straightforward – the Court should rule on the Remand Motion prior

4  to ruling on the Transfer Motion.

5  **B.    This Case Must Be Remanded To State Court**

6  As discussed in the pending Remand Motion, the Securities Act requires the remand

7  of this action to state court.  The Securities Act expressly prohibits the removal of Securities

8  Act claims brought in state court.  15 U.S.C. § 77v(a) ("[N]o case arising under this

9  subchapter and brought in any State court of competent jurisdiction shall be removed to

10  any court of the United States.").  *Id.*  The plain language of this provision is clear, so the

11  Ninth Circuit has instructed in equally unequivocal terms that this "long-standing bar to

12  removal" "strictly forbids the removal of cases brought in state court and asserting claims

13  under the Act."  *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033

14  (9th Cir. 2008).

15  In accord with this instruction, over a dozen decisions from the Central, Northern,

16  and Eastern Districts of California have held that Securities Act complaints are not

17  removable, including Chief Judge King's well-reasoned opinion decided less than a year

18  ago.  *See CytRx Corp.*, 2014 WL 4330787, at *2-8 ("[O]nly covered class actions based

19  upon state law . . . can be removed to federal court, and only for the purpose of dismissing

20  the precluded state law claims.") (granting remand without oral argument); *see also*

21  *Plymouth*, 2015 WL 65110, at *3 (collecting cases); *STEC*, 2011 WL 6156945, at *3-5

22  (Selna, J.); *Layne v. Countrywide Fin. Corp.*, 2008 WL 9476380, at *1 (C.D. Cal. July 8,

23  2008) (Pfaelzer, J.); *Pipefitters Locals 522 & 633 Pension Trust Fund v. Salem Commc'ns*

24  *Corp.*, 2005 WL 6963459, at *2-3 (C.D. Cal. June 28, 2005) (Klausner, J.).

### C. If This Case Is Not Remanded, The Central District Is The Proper Forum

Even if the Court does not remand this action, AIG may not use Section 1404(a) to transfer this suit to the S.D.N.Y.  Section 22(a) of the Securities Act provides plaintiffs with a broad choice of venue.  *See Bruns, Nordeman & Co. v. Am. Nat'l Bank & Trust Co.*, 394 F.2d 300, 302 (2d Cir. 1968) (liberal venue provisions of § 22(a) of the 1933 Act contrast with the requirements of the general venue statute).   Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), provides in pertinent part:

> Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein.

California is both a proper venue and, the preferred venue because, among other reasons: (a) it is the chosen forum of the Plaintiffs; (b) it is the home forum of the Plaintiffs; (c) it is the location from which Plaintiffs directed their investment decisions and were largely solicited for their investments; and (d) California has a strong interest in this litigation.

### 1. AIG Bears A Heavy Burden To Justify Transfer Of This Action

The moving party bears the heavy burden to show that transfer is warranted.  *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).  "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Moreover, in ruling on transfer, the Court must make an "individualized, case-by-case consideration of convenience and fairness," weighing the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Jones v. GNC Franchising,*

*Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  In analyzing the "interests of justice," the Ninth Circuit provides a number of factors the court should consider, including *inter alia*: (a) the plaintiff's choice of forum, (b) the contacts relating to the plaintiff's cause of action in the chosen forum, (c) the ease of access to sources of proof, and (d) the relevant public policy of the forum state.  *See id.* at 498-99.  "[U]nless the balance of the factors is strongly in favor of the defendants, ***the plaintiff's choice of forum should rarely be disturbed***."  *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985); *Ferguson v. Corinthian Colls. Inc.*, 2011 WL 1519359, at *2 (C.D. Cal. Apr. 15, 2011) (same) (denying transfer although plaintiff lived in requested transferee court) (Carter, J.).

Here, AIG has not met its heavy burden to show that the convenience of the parties and witnesses, and the interests of justice, weigh strongly in favor of disturbing Plaintiffs' choice of forum.  AIG asserts that because the class action underlying this opt-out case involved extensive discovery of facts located in New York, the case should be transferred to the S.D.N.Y.  But because of the extensive discovery already completed in the class action, the parties should not have to conduct such a large amount of discovery in this case, and little discovery outside California (where PIMCO is based).  In addition, AIG's claim that the parties and witnesses would be inconvenienced by discovery in California are disingenuous.  AIG has already admitted that the true aim of its requested transfer is to seek more favorable law in the S.D.N.Y. and move to dismiss this case, as it seeks to avoid well-settled law in the Ninth Circuit.  As the Supreme Court has held, however, Section 1404(a) does not permit defendants to forum shop their way to a dismissal.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 523, 527 (1990).

### 2.   PIMCO's Choice Of Forum Is Afforded Substantial Weight

In considering a defendant's motion to transfer under Section 1404(a), a plaintiff's choice of venue is given substantial weight and a defendant normally "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker*, 805 F.2d at 843; *see Sec. Investor*, 764 F.2d at 1317.

Here, PIMCO's decision to bring suit in California is entitled to an even higher than typical degree of deference for two reasons.  First, PIMCO is suing in its home forum. *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078-79 (S.D. Cal. 2011) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)) ("A plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen its home forum."); *Amini Innovation Corp. v. JS Imports, Inc*., 497 F. Supp. 2d 1093, 1110 (C.D. Cal. 2007).

Second, this is an action brought under the Securities Act in a forum in which (as AIG concedes) venue is appropriate.  Section 22(a) of the Securities Act specifically provides plaintiffs very broad alternatives in choosing a forum. 15 U.S.C. § 77(v)(a) (an action "may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein"). "Without question, the intent of the venue and jurisdiction provisions of the securities laws is to grant potential plaintiffs liberal choice in their selection of a forum, and unless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *See Sec. Investor*, 764 F.2d at 1317 (addressing Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, which reads, in relevant part, "[a]ny suit or action to enforce liability or duty . . . may be brought in any district or any district wherein the defendant is found or is an inhabitant or transacts business."). "Where venue is governed by a more permissive standard, a plaintiff's choice is entitled to greater deference as a matter of law . . . ." *Ellis v. Costco Wholesale Corp*., 372 F. Supp. 2d 530, 537 (N.D. Cal. 2005) (citing *Sec. Investor*, 764 F.2d at 1317).  Consequently, this factor weighs heavily against transfer to the S.D.N.Y.

AIG claims that PIMCO's choice of forum should be given no deference because the operative facts of PIMCO's Securities Act claims occurred in New York.  However, "although Defendant['s] alleged misrepresentations and omissions may have occurred in the District of [New York], [PIMCO's receipt of] those misrepresentations, and the

resulting harm, occurred here." *Ferrero Litig.*, 768 F. Supp. 2d at 1079.[8]  Moreover, "[t]he deference given to the plaintiff's choice of forum is also based on the extent of both parties' contacts with the forum, and the extent of relevant activity in the forum." *Gen. Ret. Sys. of City of Detroit v. Wells Fargo Mortg. Backed Sec. 2006-AR18 Trust*, 2009 WL 2137094, at *5 (N.D. Cal. July 16, 2009) (citing *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)).  PIMCO is based in this District, and investment decisions for the PIMCO funds are directed out of PIMCO's headquarters in Newport Beach, California. *See* Complaint ¶32.  AIG also conducts extensive business in California, and actively solicited California investors such as PIMCO to purchase the securities at issue here. *Id.* ¶34-35.  The fact "[t]hat substantial relevant activity occurred elsewhere does not obviate this deference" to a plaintiff's choice of its home forum. *Gen. Ret. Sys. of City of Detroit*, 2009 WL 2137094, at *5.

The authorities cited by AIG to support its argument that PIMCO's choice of forum should be given no deference are readily distinguishable.  In those cases, plaintiffs did not bring suit in their home forum, the actions had no cognizable connection with the districts in which the actions were filed, or both.  *See Franklin U.S. Rising Dividends Fund v. American Int'l Grp.*, 2014 WL 1555133, at *7 (D.N.J. April 14, 2014); *Bradley-Brown v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 254064, at *3 (C.D. Cal. Jan. 25, 2012); *Ruiz v. Affinity Logistics Corp.*, 2005 WL 5490240, at *2 (N.D. Cal. Nov. 7, 2005); *In re Yahoo! Inc.*, 2008 WL 707405, at *5 (C.D. Cal. Mar. 10, 2008).  Similarly, in *Broad Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*, 2006 WL 1582091 (C.D. Cal. June 6, 2006), although the plaintiff brought suit in its home forum, its choice of forum was entitled to "minimal

---

[8] AIG's cited cases, *Shalaby v. Newell Rubbermaid, Inc.*, 2007 WL 3144357 (N.D. Cal. Oct. 24, 2007), and *Ctr. for Food Safety v. Vilsack*, 2011 WL 996343 (N.D. Cal. Mar. 17, 2011), are readily distinguishable.  Although the plaintiffs filed suit in their respective home fora, their choice was accorded no deference because they had not suffered injury in their home fora.  *Shalaby*, 2007 WL 3144357, at *6 (plaintiff's personal injury suffered from camp fire occurred in Southern District of California); *Ctr. for Food Safety*, 2011 WL 996343, at *6 (action filed in California but crop not allowed to be grown in California).

deference" because it was formed just three weeks prior to the filing of the action, and failed to demonstrate that either it or the defendant had engaged in any meaningful activity in this District. *Id.* at *3

Next, AIG contends that PIMCO's choice of forum should be given little deference because PIMCO is purportedly forum shopping to avoid the impact of *IndyMac*. But a plaintiff's "decision to sue in its home forum of California does not amount to impermissible forum shopping." *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1082 (C.D. Cal. 1999); *see Cardoza v. T-Mobile USA Inc.*, 2009 WL 723843, at *3 (N.D. Cal. Mar. 18, 2009) ("A plaintiff's decision to sue in the forum where its company is based does not amount to impermissible forum shopping."). In truth, district courts should reject a ***defendant's*** attempt to use a transfer motion as a means of forum shopping. *See* Section III.C.3., below; *see also True Health Chiropractic Inc. v. McKesson Corp.*, 2013 WL 6000539, at *3 (N.D. Cal. Nov. 12, 2013) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 636-37 (1964)); *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999) (Plaintiffs have "every right to file in the forum that is most geographically convenient or that has the most favorable law," and defendants face a high burden in attempting to "pull the well-placed procedural rug from under the plaintiff's feet.") (citing *John Deere Co.*, 494 U.S. at 528).[9]

### 3. The Convenience Of The Parties Does Not Favor Transfer

As noted above, PIMCO has its principal place of business in Newport Beach, California, and AIG has its principal place of business in New York, New York. Thus,

---

[9] The cases cited by AIG in its argument that PIMCO has engaged in forum shopping are inapposite. In those cases, the plaintiffs engaged in forum shopping by either filing suit in a foreign district, or by attempting to re-file previously dismissed class actions in a different venue. *See Gerin v. Aegon USA, Inc.*, 2007 WL 1033472, at *7 (N.D. Cal. Apr. 4, 2007); *Madani v. Shell Oil Co.*, 2008 WL 268986, at *3 (N.D. Cal. Jan. 30, 2008); *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003); *Yang v. Odom*, 409 F. Supp. 2d 599, 603 (D.N.J. 2006); *Schmid Labs., Inc. v. Hartford Accident & Indem. Co.*, 654 F. Supp. 734, 735 (D.D.C. 1986).

one of the parties will be inconvenienced whether the action is tried in this Court or in the S.D.N.Y.  Accordingly, this factor is at best neutral. *See DIRECTV, Inc. v. EQ Stuff, Inc*., 207 F. Supp. 2d 1077, 1083-84 (C.D.Cal. p2002) (a transfer of venue is generally inappropriate if it merely "shift[s] the costs of litigation" from defendants to plaintiff).

Despite AIG's contention, the fact that PIMCO has filed suits against certain trustees of residential mortgage-backed securities trusts in the S.D.N.Y. is irrelevant. Transfer Motion 13-14, n.9.  In addition, and unlike here, those actions are brought derivatively on behalf of New York trusts governed by New York law.  For its part, AIG recently filed an action in the Superior Court of California, County of Orange.  *See American International Group, Inc. v. Nathan Edwards*, 30-2015-00779713-CU-NP-CJC (Cal. Sup. Ct., Orange Cnty. Mar. 31, 2015).

### 4.    AIG Seeks To Impermissibly Forum Shop

AIG's Transfer Motion should be denied as impermissible forum shopping.  AIG has already made clear that the reason it asks this Court to transfer the case is that it believes the Second Circuit decision in *IndyMac* would require the S.D.N.Y. to dismiss the case. Transfer Motion, at 2:6-20.  According to the Supreme Court, however, Section 1404(a) "should not create or multiply opportunities for forum shopping" and defendants may not use section 1404(a) to dismiss plaintiffs' claims by, for instance, obtaining a more favorable statute of limitations defense. *John Deere*, 494 U.S. at 523, 527; *see Van Dusen*, 376 U.S. at 630, 636 (1964) (inquiry is whether transfer "might conceivably prejudice the claim of a plaintiff who had initially selected a permissible forum" and transfer statute prevents "a defendant's motion to transfer [from being] tantamount to a motion to dismiss").  Section 1404 is not a statute meant to defeat a plaintiffs' choice of forum.[10]

---

[10] *See Atlantic Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. Of Texas*, 134 S. Ct. 568, 581 (2013) ("[P]laintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations).")*; Van Dusen*, 376 U.S. at 633-34 ("There is nothing . . . in the language or policy of section 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, [i]s a proper

Whereas the Securities Act's jurisdictional provision confers a substantive right for plaintiffs to sue in both state and federal court, Section 1404 is merely "a federal judicial housekeeping measure . . . [meant to] authorize a change of courtrooms," not to avoid the progress of this case to the courtroom. *Van Dusen*, 376 U.S. at 636-37. Allowing parties to use transfer to obtain a change of law would be "startling." *Id.* at 636 ("The legislative history of §1404(a) certainly does not justify the rather startling conclusion that one might 'get a change of law as a bonus for a change of venue.'"). The Court should reject AIG's attempt to use the transfer statute to find a more favorable forum to dismiss this case.

### 5. The Availability Of The Evidence And Sources Of Proof Does Not Favor Transfer

Given the extensive discovery adduced in the AIG securities class action and other prior litigation and AIG's status as a large corporation with the power to compel the attendance of its employee witnesses, the availability of pertinent evidence and sources of proof is not a factor favoring transfer.

AIG asserts that the S.D.N.Y. is "demonstrably the most convenient forum for almost all of the parties and witnesses" and "has the greater ease of access to sources of proof." Transfer Motion at 12-14. But in truth, and as AIG has admitted, the great majority of fact discovery is already complete due to the extensive discovery already completed in the prior class action case. According to AIG, there is little discovery left to be done on PIMCO's claims, and virtually none from AIG or third party witnesses. *See* Transfer Motion at 5 (describing the extensive discovery adduced in the class action, including "the production of millions of pages of documents and over 60 depositions").

---

venue"). Transfer "should not allow the defendant to use inconvenience to discourage plaintiffs from exercising the opportunities that they already have" and "[t]he section exists to eliminate inconvenience without altering permissible choices under the venue statutes." *John Deere*, 494 U.S. at 525, 527; *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1045-46 (9th Cir. 2012) (citing *Van Dusen* and *John Deere*).

According to AIG, fact discovery in the Class Action – which was completed before the class settlement was reached – included the depositions of "40 fact witnesses" and the production of "***almost all of the relevant documents***." Transfer Motion at 15. These deposition transcripts and documents, which "have already been collected in connection with the AIG class action are in the possession of AIG's attorneys in New York" (*id.*), can be produced to PIMCO's counsel immediately with no burden to AIG. Indeed, AIG has agreed to make all of this class discovery available to other opt-out plaintiffs. *See* Case Management Order No. 1, *Kuwait Investment Authority v. American International Group, Inc.*, 12-cv-06071-LTS-DCF (S.D.N.Y.), ECF No. 14. AIG could easily provide that extensive discovery electronically in this case, as well.

In addition, the ease of access to sources of proof is a factor the Court should give little or no weight because modern communications, overnight delivery, and computers have made the transfer of records significantly less burdensome. *See, e.g., Perry v. LTD, Inc.*, 2014 WL 3544988, at *4 (E.D. Va. July 17, 2014) (convenience of access to documents is "tempered by the reality that transportation of documents and electronic discovery have minimized its importance"); *Bader v. Air Line Pilots Ass'n, Int'l*, 2014 WL 3883475, at *4 (D.D.C. Aug. 8, 2014) ("the ease of access to sources of proof . . . is largely neutral, given the portable nature of modern discovery"). As is now commonplace, documents are easily scanned to electronic media, like discs or hard drives, and sent anywhere. The location of documents is a negligible factor absent a specific showing of material hardship, which AIG cannot make.

Further, courts give little weight to the convenience of party-witnesses or witnesses who are employees of a corporate defendant, which will likely be the majority of witnesses in this case. *See Irvine Pharm. Servs., Inc. v. Arnold*, 2008 WL 4792513, at *3 (C.D. Cal. Oct. 28, 2008) (Carter, J.); 15 Charles A. Wright, et al., Fed. Prac. & Proc. § 3851 (4th ed.). In any event, the burden of a direct plane trip from New York to Los Angeles/Orange County for a yet unidentified number of AIG employees or former employees is not so

great as to weigh in favor of transferring the entire litigation to New York.  *See, e.g.*, *Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060, 1069 (D. Haw. 2000) (requiring corporate defendant to litigate in foreign forum is not unreasonable "in this era of fax machines and discount air travel") (quoting *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998)).  Further, current and/or former employees of PIMCO would bear the same "inconvenience" of a plane flight to New York if the action were transferred.

### 6.    California Has A Strong Interest In This Action

In analyzing the "interests of justice" factor, the Ninth Circuit considers the relevant public policy of the forum state.  Here, California has a ***strong*** public interest in this lawsuit.  "California's policy is to protect the public from fraud and deception in securities transactions."  *Hall v. Super. Ct.*, 150 Cal. App. 3d 411, 417 (1983).  The California Supreme Court has long recognized that "California . . . has a legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices." *Diamond Multimedia Sys., Inc. v. Super. Ct.*, 19 Cal. 4th 1036, 1064 (1999).[11]

PIMCO is based in this District, and has maintained its headquarters in Newport Beach since 1971.  Complaint ¶32.   For several decades, PIMCO has been among the world's leading investment managers and providers of investment solutions to pension funds, retirement plans, central banks, educational institutions, foundations, endowments, and other entities.  *Id.*  The instant claims are rooted in securities laws which reflect California's strong public policy. California's securities laws are modeled after the federal securities laws, *Diamond Multimedia*, 19 Cal. 4th at 1055 (quoting Drafting Commission

---

[11] *Jarvis v. Marietta Corp.*, 1999 WL 638231 (N.D. Cal. Aug. 12, 1999), cited by AIG, was not a securities case and concerned conduct affecting a single California resident.  In *Jarvis*, the plaintiff worked out of her California home as a sales representative, but "was interviewed and hired by the New York office as an at-will employee under New York state law.  Plaintiff received both her pay and benefits from New York, and all of the terms and conditions of her employment were governed by New York law."  *Id.*  Moreover, the company "never had any offices within California," and "never had more than four employees in California."  *Id.*

1  Report), and California courts have concurrent jurisdiction over Securities Act claims. *See*

2  15 U.S.C. § 77v(a).  Given California's strong interest in protecting its citizens against

3  securities fraud, PIMCO, a longstanding citizen of California that suffered substantial

4  damages on AIG securities (Complaint ¶27), should not have to move to a distant forum

5  simply because that is where the party that perpetrated the wrongdoing is located.

6      Moreover, given the extent of AIG's misconduct, California has a particularly strong

7  interest in this litigation.  AIG's "unconscionable bets" and "recklessness and greed" lay

8  at the heart of this case, the financial crisis, and the housing meltdown.  They were felt not

9  only by PIMCO and its clients, but also by tens of millions of other investors, homeowners,

10  and consumers located across California. *See* Complaint ¶¶25, 192-93 (quoting President

11  Obama and former Fed Chairman Bernanke); *see Hall v. Super. Ct.*, 150 Cal. App. 3d at

12  417-18 (applying California law rather than the law of defendant's state of incorporation,

13  and noting California's policy to protect the public from fraud and deception in securities

14  transactions); *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 182-83 (2003) ("[W]hen

15  corporate financial statements are revealed to be false or misleading, the harm done may

16  extend well beyond the particular investors who receive those statements" and "the

17  resulting losses can have economy-wide consequences in terms of loss of employment and

18  failure of investor confidence in the stock market.").

19      **7.**   **The Interests Of Justice Weigh Against Transfer**

20      AIG's argument that transfer would serve the interests of justice rests on the notion

21  that the case will be transferred to Judge Swain of the S.D.N.Y., who is currently

22  adjudicating other securities cases involving AIG.  ECF No. 17 at 16-19.  But Judge Swain

23  has already rejected the notion that issues in this case are related to issues in the AIG cases

24  pending before her.  On April 29, 2015, AIG filed a declaratory judgment action in the

25  S.D.N.Y. *Am. Int'l Grp., Inc. v. Pac. Inv. Mgmt. Co., LLC, et al.*, Case No. 15-cv-03339

26  (S.D.N.Y. Apr. 29, 2015), ECF No. 1.  That case specifically referenced this case and

27  merely raises a defense that Defendants could have raised in this case in California state

28

court; namely, that this case is barred by the applicable statue of repose.  *Id.* at ECF No. 1 ¶¶3-6.  Defendants requested that Judge Swain find that case to be related to the AIG actions pending before her.  *Id.* at ECF No. 2.  ***Judge Swain refused to find the cases related.***  *See id.*, May 4, 2015 decisions to assign ("Case . . . declined by Judge Laura Taylor Swain.").  The case has instead been assigned to Judge Crotty, who has no other active cases involving AIG or the misrepresentations that form the basis of PIMCO's claims.  Because AIG's declaratory judgment action is concerned exclusively with this case, there is no reason to believe that if this case were transferred, it would be adjudicated by Judge Swain.[12]

Other than the issue of whether Judge Swain would hear this case, AIG ignores other factors that bear on the interests of justice, including (a) the plaintiff's choice of forum, (b) the comparative costs to the parties of litigating in each forum, (c) each party's ability to enforce a judgment, (d) obstacles to a fair trial, and (e) conflict of law issues.[13] *See Irvine Pharm*, 2008 WL 4792513, at *3 (enumerating factors in the interests of justice) (Carter, J.).  These remaining factors are neutral, except for the plaintiff's choice of forum, which clearly weighs against denying the Transfer Motion.

---

[12] Recognizing the potential that this case would ***not*** be assigned to Judge Swain, AIG also points out that the case could possibly be assigned to Judge Crotty.  Transfer Motion, at 17 n.10.  Judge Crotty's only relevance to this case is that Judge Crotty was assigned to AIG's declaratory judgment action after Judge Swain refused it.  AIG should not have its transfer motion granted because, after this case was filed, it filed an improper declaratory judgment action in the S.D.N.Y. raising a defense in this case.  Granting AIG's motion on this basis would incentivize future defendants to waste judicial resources by filing (improper) declaratory judgment actions in their preferred courts prior to filing transfer motions.

[13] AIG also argues that transfer would prevent "inconsistent rulings," but cites no rulings in the S.D.N.Y. with which any ruling in a California court would conflict.  Transfer Motion, at 18:10-16, 18:21-28.  The truth is that AIG requests transfer not to avoid "inconsistent rulings," but to benefit from them.  AIG seeks to have this case fall under the Second Circuit's aberrant *IndyMac* decision rather than the great weight of authority outside of the Second Circuit that disagree with *IndyMac*.  *See* Transfer Motion, at 2:6-20; *supra* note 2.

The interest of justice thus weigh in favor of denying the Transfer Motion, with all factors being neutral save Plaintiffs' choice of a California forum.

### 8.    The Remaining Factors Do Not Favor Transfer

AIG does not address the remaining factors bearing on the propriety of transfer, including relative court congestion and time to trial in each forum.  *Foster v. Nationwide Mut. Ins. Co.*, 2007 WL 4410408, at *1 (N.D. Cal. Dec. 14, 2007).  Accordingly, the Court should assume they are neutral with respect to transfer.  *See Cardoza*, 2009 WL 723843, at *2.

## IV.    CONCLUSION

The Court should grant Plaintiffs' Remand Motion and deny AIG's Transfer Motion as moot.  In the alternative, the Court should deny the Transfer Motion because AIG has failed to establish that transfer is warranted.


Dated: May 18, 2015                 Respectfully submitted,

                                    BERNSTEIN LITOWITZ BERGER
                                      & GROSSMANN LLP

                                         */s/ Timothy A. DeLange*
                                    TIMOTHY A. DELANGE

                                    BLAIR A. NICHOLAS (Bar No. 178428)
                                    TIMOTHY A. DELANGE (Bar. No. 190768)
                                    DAVID R. KAPLAN (Bar No. 230144)
                                    LUCAS E. GILMORE (Bar No. 250893)
                                    BRANDON MARSH (Bar No. 268316)
                                    12481 High Bluff Drive, Suite 300
                                    San Diego, CA 92130
                                    Tel: (858) 793-0070
                                    Fax: (858) 793-0323

                                    *Counsel for Plaintiffs*