JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0687-DOC (DFMx)                                      Date:  June 10, 2015

Title: PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, ET AL. V.
         AMERICAN INTERNATIONAL GROUP, INC.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:
                  None Present                                                     None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO REMAND; DENYING AS MOOT MOTION TO TRANSFER [16] [17]**

Before the Court is Plaintiffs Pacific Investment Management Company LLC and related PIMCO funds' (collectively, "PIMCO" or "Plaintiffs") Motion to Remand Case to Orange County Superior Court (Dkt. 16) and Defendant American International Group's ("AIG") Motion to Transfer Case to Southern District of New York (Dkt. 17). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers and arguments raised by the parties, the Court hereby GRANTS Plaintiffs' Motion to Remand and DENIES AS MOOT Defendant's Motion to Transfer.

**I.    Background**

   **A.    Factual Allegations**

Plaintiffs, for and on behalf of sixty-three investment funds managed or advised by PIMCO, are suing to recover losses PIMCO suffered on purchases of six AIG equity and debt securities in or traceable to offerings between October 2006 and May 2008. Plaintiffs allege in their Complaint ("Compl.") (Dkt. 1-1) that the registration statements

Case 8:15-cv-00687-DOC-DFM Document 29 Filed 06/10/15 Page 2 of 11 Page ID #:1112

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0687-DOC (DFMx)                                           Date: June 10, 2015
                                                                                                                    Page 2

for the securities failed to disclose and misrepresented to investors AIG's exposure to the U.S. housing and subprime mortgage markets, which AIG accumulated through residential mortgage backed securities and credit default swaps. Compl. ¶¶ 212-224. Through this action, Plaintiffs assert strict liability claims under Section 11 of the Securities Act of 1933 ("Securities Act") to recover damages incurred in connection with their investments in AIG securities. *Id.* ¶ 17.

### B.    Related Cases

*In re American International Group, Inc. 2008 Securities Litigation*, Case No. 08-cv-4772 (the "AIG Class Action"), was filed in May 2008 in the United States District Court for the Southern District of New York, premised on similar factual allegations and raising similar claims as the case pending before this court. The AIG Class Action settled recently after approximately seven years of litigation before Judge Laura Swain. PIMCO opted out of the settlement agreement in the AIG Class Action.

Currently nine related cases, filed between 2011 and 2015, by purported members of the putative class who excluded themselves from the settlement, are pending in the Southern District of New York before Judge Swain. AIG has moved to dismiss all of those cases on the grounds that the claims are barred based on the relevant statutes of repose in the Securities Act of 1933 or the Securities Exchange Act ("Exchange Act") of 1934.

### C.    Procedural History of This Case

After opting out of the Settlement Agreement, PIMCO filed suit in Orange County Superior Court on March 27, 2015. PIMCO is headquartered in Newport Beach, Orange County, California and managed and/or advised the investment funds at issue in Orange County, California. Compl. ¶32. Plaintiffs' Complaint states:

> This case is not removable. The claims asserted herein arise under Section 11 of the Securities Act. Jurisdiction is conferred pursuant to Section 22 of the Securities Act, which explicitly states that "[e]xcept as provided in Section 16(c) of this title, no case arising under this Act and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Section 16(c) of the Securities Act refers to "covered class actions." This action asserts six claims exclusively under the Securities Act and is not a "covered class action" within the meaning of Section

Case 8:15-cv-00687-DOC-DFM Document 29 Filed 06/10/15 Page 3 of 11 Page ID #:1113

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0687-DOC (DFMx)                                               Date: June 10, 2015

Page 3

> 16(c). Therefore, pursuant to Section 22(a) of the Securities Act, this action is not removable to federal court.

Compl. ¶ 28 (code citations omitted).

On April 30, 2015, AIG filed a Notice of Removal. In the Notice of Removal, Defendant contends that this action is removable under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") as a "covered class-action."

On May 18, the parties filed the present motions. Plaintiffs seek to remand this matter to state court, arguing that this action is not removable under the SLUSA because the Complaint asserts only federal claims under the Securities Act and is therefore not a covered class-action under § 77p(c). Defendant seeks to transfer this matter to the Southern District of New York, noting that there have been *nine* other similar cases filed there all bending before Judge Swain, all alleging similar facts and raising similar legal issues. Thus, the Southern District of New York, Defendant claims, is the more appropriate forum.

### D.     Differences in Circuit Law

So that the posture of the motions is well understood, there are two key differences in the law between the Second and Ninth Circuit that make the present decision before the Court more weighty than it might otherwise have been. These differences involve the law regarding remand and the tolling of the Securities Act's statute of repose.

The parties present the state of the law to be as follows: (1) with regards to motions to remand in similar cases, district courts in the Central District of California generally remand the cases back to state court under Section 22(a) of the Securities Act, district courts in the Second Circuit do not; (2) with regards to the timeliness of this action, the Second Circuit has rejected Plaintiffs' tolling theory based on *American Pipe* in its *Indy Mac* decision, *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 100 (2d Cir. 2013) (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974)), while the Ninth Circuit has not squarely weighed in on the issue, s*ee, e.g.*, *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 535 (9th Cir. 2011) (noting that the majority of the lower federal courts that have addressed the issue have held that *American Pipe* tolling is not equitable, but legal, and applies to statutes of repose).

The outcome of the present motions will likely come down to sequence rather than substance. If the Court addresses the remand motion first, then the case will likely be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0687-DOC (DFMx)                                                Date: June 10, 2015
                                                                                                                        Page 4

remanded and the transfer motion will be moot. If the Court addresses the transfer motion first, then the case will likely be transferred, and the remand motion will be moot.

       Thus, as a threshold matter, the Court must address which motion should be properly decided *first*, recognizing that an affirmative decision on either issue will moot or suspend the other pending motion.

## II.     Legal Standard

### A.     Motion to Remand

       Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

       To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023–24 (9th Cir. 2007)). "Section 22(a) of the Securities Act of 1933 provides such an express exception to removal." *Id.*

### B.     Motion to Transfer

       Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. Under § 1404(a), district courts have

discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

District courts must weigh multiple factors in determining whether transfer is appropriate under § 1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). For example, the court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* (citations omitted).

## III.    Analysis

### A.    Sequencing of Motions

Prior to ruling on any substantive motion, district courts must resolve any outstanding questions regarding subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any case. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (citations and internal quotation marks omitted); *Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965) (jurisdiction must be first found over the subject matter and the person before one reaches venue). If jurisdiction is lacking, rendering a decision on the merits of a case is inappropriate. *See Steel Co.*, 523 U.S. at 94.

However, the Supreme Court has determined that a decision regarding whether to transfer a case, or dismiss for *forum non conveniens*, is not a decision on the merits. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435 (2007).  It held that "a court need not resolve whether it has authority to adjudicate the cause ... if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *See id.* at 425, 426–28. Therefore, district courts have discretion over whether to hear a motion to transfer prior to a motion to remand. *Burse v. Purdue*

Case 8:15-cv-00687-DOC-DFM Document 29 Filed 06/10/15 Page 6 of 11 Page ID #:1116

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0687-DOC (DFMx)                Date: June 10, 2015

                                                         Page 6

*Pharma Co.*, No. C-04-594 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004). *Sinochem* did not resolve the proper approach to a motion to transfer under rule 1404(a) when brought concurrently with a motion to remand. *Bocock v. Medventure Tech. Corp.*, No. 4:13-CV-00108-SEB, 2013 WL 5328309, at *2 (S.D. Ind. Sept. 20, 2013). Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer. *See, e.g.*, *Letbetter v. Local 514, Transp. Workers Union of Am.*, No. 14-CV-00125-TCK-FHM, 2014 WL 4403521, at *1 (N.D. Okla. Sept. 5, 2014) (finding "it prudent to rule on the Motion to Remand before considering the Motion to Transfer"); *Smartmatic USA Corp. v. Dominion Voting Sys. Corp.*, No. 13 CIV. 5349 KBF, 2013 WL 5798986, at *3 (S.D.N.Y. Oct. 22, 2013) ("This Court agrees that it must decide Plaintiffs' motion to remand before deciding Defendants' motion to transfer venue or Defendants' motion to dismiss."); *Bocock v. Medventure Tech. Corp.*, No. 4:13-CV-00108-SEB, 2013 WL 5328309, at *3 (S.D. Ind. Sept. 20, 2013) (determining motion to remand should be resolved before considering whether to transfer the case to multi-district litigation); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1153 (N.D. Cal. 2009) (denying motion to remand based on lack of diversity before assessing motion to transfer); *Zavanna, LLC v. RoDa Drilling Co.*, No. 4:09-CV-022, 2009 WL 3720177, at *1 (D.N.D. Nov. 3, 2009) (granting motion to remand and denying as moot motion to transfer); *Burse*, 2004 WL 1125055, at *1 (addressing transfer first, but acknowledging "an apparent practice within the Ninth Circuit for courts to rule on remand motions before deciding motions to transfer"); *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wis. 2001) (addressing jurisdictional issues prior to resolving motion to stay).

   Only in rare circumstances should transfer motions be considered before remand motions. For example, in multi-district litigation where the "judicial economy and consistency" of related cases will be aided by transfer of a case within the federal system or where "related to [bankruptcy] jurisdictional and removal" raises "difficult questions." *See, e.g.*, *Meyers*, 143 F. Supp. 2d at 1049; *Burse*, 2004 WL 1125055, at *1 (motions require fact intensive inquiry involving patent eligibility); *Pub. Employees' Ret. Sys. of Mississippi v. Stanley*, 605 F. Supp. 2d 1073, 1075 (C.D. Cal. 2009). Based on this Court's review of cases, such sequencing is the exception, rather than the rule.

   In this case, assessing subject matter jurisdiction as a preliminary issue will not burden parties with additional discovery. *See Sinochem*, 549 U.S. at 436. Nor will this decision be particularly "difficult" in light of the straightforward arguments regarding the text and legislative history of the SLUSA that the parties are raising. There are no disputed facts to be considered. This is not a novel issue requiring the Court to cross new boundaries likely to arise in multiple related cases. Thus, efficiency will not be served by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0687-DOC (DFMx)                                              Date: June 10, 2015
                                                                                                              Page 7

transferring the case prior to addressing jurisdiction. There is no indication that the Southern District of New York's history with the underlying class litigation and pending related cases will make it better suited to hear the pending motion to remand.

      Thus, the Court will first address the Motion to Remand. If it finds it inappropriate to remand this case, the Court will address the Motion to Transfer.

### B.     Motion to Remand

      Plaintiffs maintain that the removal bar in the Securities Act prohibits removal of this action. Defendant, on the other hand, urges this court to go against the reasoning of sister courts in this district that have squarely addressed the issue, and find that the intent of SLUSA permits the removal of this essentially federal action.

#### 1.     Language of the Securities Act

      Since its passage, state and federal courts have had concurrent jurisdiction over claims brought pursuant to the Securities Act. 15 U.S.C. § 77v. Further, until 1998, no claims filed pursuant to the Securities Act in state court were removable to federal court, pursuant to the removal bar found in the same section.

      In 1998, to help effectuate the intent of the Private Securities Litigation Reform Act ("PSLRA") of 1995, 109 Stat. 737, SLUSA amended the anti-removal and jurisdictional provision of the Securities Act, providing for the removal and preclusion of certain class actions. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 633 (2006).

      The revised section of the Securities Act states that:

> The district courts of the United States [ ] shall have jurisdiction of offenses and violations under this subchapter [ ] concurrent with State [ ] courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. [ ] *Except as provided in section 77p(c) of this title,* no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v (emphasis added).

      Section 77p states:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0687-DOC (DFMx)                                            Date: June 10, 2015

                                                                                                                                                        Page 8

      (b) Class action limitations

      No covered class action *based upon the statutory or common law of any State or subdivision thereof* may be maintained in any State or Federal court by any private party alleging—

      (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

      (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

      (c) Removal of covered class actions

      Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

*Id.* (emphasis added). A covered class action is defined in § 77p(f).[1] The parties agree that this is a covered class action under subsection p(f).

---

[1] A "covered class action" means:
    (i) any single lawsuit in which--
        (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or
        (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or
    (ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which--
        (I) damages are sought on behalf of more than 50 persons; and
        (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 77p(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0687-DOC (DFMx)                                              Date: June 10, 2015
                                                                                                                                      Page 9

### 2. Does the State Court Have Jurisdiction?

Defendant argues that the amendment to the jurisdictional provision of § 77v(a), that "[t]he district courts of the United States [ ] shall have jurisdiction of offenses and violations under this subchapter [ ] concurrent with State [ ] courts, *except as provided in section 77p of this title with respect to covered class actions*," must be read to provide exclusive federal jurisdiction for all covered class actions as defined by § 77p(f).

The text of the statute could be clearer. Obviously, the language of the statute does not reference § 77p(f), it says §77p without specifying which, if any, subsection to consider. Thus, the Court reads the statute as referring to subsection p as a whole. "The drafters of the jurisdictional provision could have easily stated that the provision's exception was for all covered class actions defined in section 77p(f). Instead, the jurisdictional provision states that concurrent jurisdiction exists except as provided in section 77p generally." *W. Virginia Laborers Trust Fund v. STEC Inc.*, No. SACV 11-01171-JVS, 2011 WL 6156945, at *5 n.5 (C.D. Cal. Oct. 7, 2011). "But the language that was inserted into the first sentence of the jurisdictional provision instead references the entirety of 77p, a section that is exclusively concerned with state law class actions." *CytRx Corp.*, 2014 WL 4330787, at *5; 15 U.S.C. § 77p. The Court finds that, "because this action does not assert state law claims, it is not precluded under section 77p(b)," and therefore the state court retains jurisdiction to hear this case. *STEC Inc.*, 2011 WL 6156945, at *5.

Defendant urges this court to adopt the reasoning set forth by various district courts that have considered the issue and come to a contrary conclusion, based in part on the legislative history behind the SLUSA and the PSLRA. Respectfully, the Court is not persuaded by the logic in *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) and the courts in accord. The Court finds that the language of the act still provides that state courts have continued jurisdiction over class actions raising claims exclusively under the Securities Act.

Having determined that the state court had jurisdiction over this action, the Court will proceed to the application of the removal bar.

### 3. Can an Action Stating Claims under the Securities Act Only be Removed to Federal Court?

"[Section] 22(a) [of the Securities Act] strictly forbids the removal of cases brought in state court and asserting claims under the Act." *Luther*, 533 F.3d at 1033. SLUSA provides a narrow exception to this rule.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-0687-DOC (DFMx)                                                      Date: June 10, 2015
                                                                                                                                                                   Page 10

      This Court is in accord with the other courts in this district that have found that "§ 77p(b) precludes both state and federal courts from hearing securities class actions based on state law," but does not preclude state courts from hearing claims based solely on the federal Securities Act. *CytRx Corp.*, 2014 WL 4330787, at *3. "Nothing in the plain language of the statute suggests that SLUSA created any other basis for removal beyond this narrow exception-to allow federal courts to ensure the dismissal of precluded state law class actions." *Id.* at *3 (citing *STEC Inc.*, 2011 WL 6156945, at *3); *see also In re Tyco Int'l, Ltd.*, 322 F. Supp. 2d 116, 119 (D.N.H. 2004) (rejecting defendants' interpretation and finding the textual reading supports the fact that cases which are based exclusively on claims under the Securities Act are not removable under § 77p(c)).

      In order to establish that an action arising under the Securities Act is removable under the SLUSA, the removing party "must prove that: 1) the class action sought to be removed is a 'covered class action,' 2) the class action complaint is based on state law claims, 3) there has been a purchase or sale of a 'covered security,' and 4) in connection with that purchase or sale, plaintiffs allege that defendants either 'misrepresented or omitted a material fact' or 'used or employed any manipulative or deceptive device or other contrivance.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 997 (C.D. Cal. 2002) (citing cases). As there are no state law claims at issue in this case, this case is not removable.

      Defendant makes logical arguments as to why the legislative history of the PSLRA and the SLUSA support an alternate reading. However, for reasons which have been discussed in other well-reasoned opinions, this does not overcome the text of the statute and the Supreme Court's reading of the text in *Kirscher*. *See, e.g.*, *Niitsoo v. Alpha Natural Res., Inc.*, 902 F. Supp. 2d 797, 807 (S.D.W. Va. 2012) (citing *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 641 (2006)).

###            4.      Section 1441(a)

      Defendant claims that removal was proper under § 1441, which provides that actions over which United States district courts have original jurisdiction may be removed. 28 U.S.C. § 1441(a). This section contains an important caveat, however, that exempts from this general rule removal prohibited by another act of Congress. *See id* ("Except as otherwise expressly provided by Act of Congress…"); *see also Unschuld v. Tri-S Sec. Corp.*, No. CIV.A. 106CV02931JEC, 2007 WL 2729011, at *2. The removal bar contained in 15 U.S.C. § 77v is such a provision, and Defendant's arguments to the contrary are unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0687-DOC (DFMx)                                      Date: June 10, 2015

Page 11

### 5. Conclusion

Many courts have considered the issue presented here. District courts are split, and "[t]here is nothing very original left to say about [the] ... running dispute." *Layne v. Countrywide Fin. Corp.*, No. CV 08-3262 MRP MANX, 2008 WL 9476380, at *1 (C.D. Cal. July 8, 2008) (quoting *Unschuld*, 2007 WL 2729011, at *2). This Court is in accord with the conclusion of a majority of district courts, which have concluded that § 77v somewhat counterintuitively bars removal of cases asserting purely federal claims under the Securities Act and not claims under state law. *Toth*, 2013 WL 5596965, at *1 (collecting cases). Because Plaintiffs' action was brought in state court and asserted claims only under the Securities Act of 1933 rather than under state law, the action is neither precluded nor removable. The SLUSA does not provide this Court with jurisdiction.

This action was removed improperly and without jurisdiction. The Motion to Remand is GRANTED.

### C. Motion to Transfer

Having concluded that the Court lacks jurisdiction over this action, the Motion to Transfer is DENIED AS MOOT.

### IV. Disposition

For the reasons laid out above, the Motion to Remand is GRANTED and the Motion to TRANSFER is DENIED AS MOOT. This matter shall be remanded to Orange County Superior Court.

The Clerk shall serve this minute order on the parties.